915 So.2d 612 (2005)
In re AMENDMENTS TO UNIFORM GUIDELINES FOR TAXATION OF COSTS.
No. SC96726.
Supreme Court of Florida.
November 17, 2005.
Adrienne Promoff, Chair, Civil Procedure Rules Committee, Miami, FL, Robert N. Clarke, Jr., Past-Chair, Civil Procedure Rules Committee, Tallahassee, FL, Daniel K. Bean of Holland and Knight, Jacksonville, FL, Keith H. Park, West Palm Beach, FL, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Proponent.
William E. Hahn of William E. Hahn, P.A., on behalf of The Florida Chapters of the American Board of Trial Advocates, Tampa, FL, for Opponent.
James Whitelaw Middleton of Rogers Towers, P.A., Jacksonville, FL, as Pro se Respondent.
PER CURIAM.
We have for consideration the report of the Civil Procedure Rules Committee recommending revisions to the Statewide Uniform *613 Guidelines for Taxation of Costs in Civil Cases. We have jurisdiction, see art. V, § 2(a), Fla. Const., and approve the revised guidelines with the modifications discussed below.

BACKGROUND
In October 1981, the Statewide Uniform Guidelines for Taxation of Costs in Civil Cases were approved for publication and distribution by administrative order issued by the Chief Justice of the Florida Supreme Court. The administrative order as well as the full text of the guidelines were set forth in Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349 n. 2 (Fla. 4th DCA 1983). In September 1999, the Civil Procedure Rules Committee (Committee) submitted to the Court proposed revisions to the uniform guidelines. After publishing the proposals for comments and holding oral argument, the Court declined to approve the proposed revisions, citing "several serious and overriding concerns." See Amendments to Unif. Guidelines for Taxation of Costs, 794 So.2d 1247, 1247 (Fla.2001).
The Court's primary concern was that the proposed guidelines did not adequately reflect the Court's stated policy of "reducing the impact of costs upon parties, with the ultimate aim of decreasing the overall costliness of litigation." Id. Because expenses that were either not addressed or not taxed as costs under the current guidelines were expressly included in the proposed guidelines as items that should or may be taxed, the Court noted that the proposals may have actually had the effect of "inordinately expanding the costs incurred by parties and increasing the overall costliness of litigation." Id.
The Court also expressed concern that although the proponents of the initial proposed guidelines themselves acknowledged that in some instances they may be in conflict with existing case law, the Committee failed to provide adequate supportive authority or reasoning for the proposed deviations from current law. Id. at 1248. As a result, the Court required that "any further proposed changes be developed by reference to current statutory and case law ... [and] that proposed deviations from current law be supported by adequate demonstration of an existing injustice that [requires] correction, or by a showing that proposed [g]uidelines would improve the ability of trial judges to administer their responsibilities in taxing costs." Id.
Finally, noting that the current guidelines were adopted in 1981 by the Florida Conference of Circuit Judges and endorsed by the Board of Governors and the Trial Lawyers Section of The Florida Bar, the Court expressed a desire for "more participation in connection with this potentially contentious and very important matter." Id. at 1248. Therefore, the Court asked the Committee to procure evaluative comments from a number of entities on (1) perceived problems with the guidelines, and (2) whether and how the guidelines should be revised. The Rules Committee was asked to file a report of its findings and conclusions, along with any proposed revised guidelines. Id. at 1248-49.
The Committee has now filed its report and proposed guidelines. By a unanimous vote, the Committee recommends replacing the existing guidelines with the revised guidelines proposed by its Subcommittee on Revised Uniform Guidelines on Taxation of Costs in Civil Actions. The Board of Governors of The Florida Bar also unanimously approved the proposed guidelines. Additionally, the proposed guidelines were published for comment by the Committee before they were filed with the Court and published by the Court after *614 they were filed. Several comments were received.

REVISED GUIDELINES
Upon consideration of the Committee's report and proposed guidelines and public comments thereto; and after hearing oral argument, we approve the Committee's proposals with some important modifications. First, the Committee's proposed guidelines set forth three categories of costs: (1) those that "shall be taxed"; (2) those that "may be taxed"; and (3) those that "should not be taxed." The guidelines, however, are not intended to be mandatory, and the appropriate assessment of costs in any particular proceeding remains within the discretion of the trial court. Accordingly, consistent with the current guidelines, we modify the first category to include those costs that "should," rather than "shall," be taxed.
Additionally, in order to clarify the intended role of the guidelines and provide assistance to trial judges in applying them, we add a preamble to the guidelines, entitled "Purpose and Application" and "Burden of Proof," which provides as follows:
Purpose and Application
These guidelines are advisory only. The taxation of costs in any particular proceeding is within the broad discretion of the trial court. The trial court should exercise that discretion in a manner that is consistent with the policy of reducing the overall costs of litigation and of keeping such costs as low as justice will permit. With this goal in mind, the trial court should consider and reward utilization of innovative technologies by a party which subsequently minimizes costs and reduce the award when use of innovative technologies that were not used would have resulted in lowering costs. In addition, these guidelines are not intended to (1) limit the amount of costs recoverable under a contract or statute, or (2) prejudice the rights of any litigant objecting to an assessment of costs on the basis that the assessment is contrary to applicable substantive law.
Burden of Proof
Under these guidelines, it is the burden of the moving party to show that all requested costs were reasonably necessary either to defend or prosecute the case at the time the action precipitating the cost was taken.
According to the report, the Committee attempted to balance the goal of decreasing the cost of litigation with the goal of making the prevailing party whole. Consistent with the Court's stated policy, the preamble that we have added to the guidelines emphasizes the goal of decreasing the overall cost of litigation. In furtherance of that policy, the Committee recommends and the Court agrees that the trial court should reward utilization of innovative technologies by a party which minimizes costs and reduce the award when use of innovative technologies that were not used would have resulted in lowering costs.[1] The revised guidelines also are intended to be easier to apply, which should allow attorneys to better predict the aggregate costs of litigation and, when incurring costs, to anticipate which of those costs likely will have to be paid by their clients. This increased predictability also should result in decreased costs.
Next, as recognized in the preamble, the proposed guidelines revise the standard utilized by the trial court in reviewing requests for taxation of costs from costs *615 that are "reasonable" to costs that are "reasonably necessary." According to the report, the proposed guidelines would require, in most instances, that the initial burden of showing that a requested cost is reasonably necessary is on the moving party. However, with respect to costs for depositions and costs of copies of documents obtained in discovery, proposed guidelines I(A)[2] and I(B)(2) place the burden upon the objecting party to show that the costs were not reasonably necessary. We cannot approve shifting the burden in this manner; therefore, we have modified these guidelines so that the burden remains on the moving party. We also have modified proposed guideline I(B)(1) allowing costs for copies of documents "admitted (in lieu of `actually cited') with the court, which assist the court in reaching a conclusion." For clarity's sake, we have changed the term "admitted" to "filed" and have added language to emphasize that the filed documents must be "reasonably necessary to assist the court in reaching a conclusion."
In connection with items of costs that shall be taxed, we also have changed the reference to "special masters" in proposed guideline I(F) to "special magistrates" to conform to chapter 2004-11, sections 54-58, 63-72, 78-84, 86-87, 93-97, 102, Laws of Florida, which redesignated "special masters" as "special magistrates." See Amendments to Fla. Rules of App. Pro., 887 So.2d 1090 (Fla.2004) (amending rules of procedure to conform with chapter 2004-11, Laws of Florida.)
Next, the proposed guidelines classify reasonable travel expenses of an attorney as an item of costs that may be taxed. We do not approve this classification because currently attorney travel expenses generally are not taxable. See Miller v. Hayman, 766 So.2d 1116 (Fla. 4th DCA 2000) (recognizing that in the absence of exceptional circumstances, travel expenses for attorney to attend depositions should not be taxed as costs). Specifically, cost item 3 of the current guidelines provides that "[t]ravel expenses of prevailing attorney incurred in connection with the taking of depositions out of the City or State" should not be taxed. Although case law cited by the Committee recognizes that there is no absolute bar to an award of costs for attorney travel expenses, see Barnes v. City of Dunedin, 666 So.2d 574 (Fla. 2d DCA 1996) (noting that, although generally taxation of costs for attorney travel expenses incurred is not allowed under guidelines, such costs have been allowed if provided for by contract or statute); Beyel Bros., Inc. v. Lemenze, 720 So.2d 556 (Fla. 4th DCA 1998) (affirming award of attorney's travel expenses in connection with deposition in light of statute), in the interest of promoting this Court's policy of decreasing overall litigation costs, we decline to include such costs in the category of those that "may" be taxed. Rather, we have modified the proposed guidelines to include such costs in the category of those that generally "should not" be taxed.
Accordingly, with the modifications discussed above, we approve the revised Statewide Uniform Guidelines for Taxation of Costs in Civil Actions for publication and use, as set forth in the appendix to this opinion. The revised guidelines, which will replace the current guidelines, shall become effective January 1, 2006, at 12:01 a.m. We further direct that the guidelines be included as an appendix to the Florida Rules of Civil Procedure and *616 be reviewed periodically by the Civil Procedure Rules Committee for future revision as needed.
In conclusion, we wish to express our sincere gratitude for the tremendous efforts of the Civil Procedure Rules Committee in spearheading the arduous task of revising and improving the cost guidelines. The Committee's dedication of time and resources in thoroughly examining the guidelines and relevant case law, reviewing other state and federal guidelines, and in evaluating the input received from a broad spectrum of entities, including the Florida Chapter of the American Board of Trial Advocates and the Trial Lawyers Section of The Florida Bar, has been an invaluable service to this Court and ultimately, through the product of these efforts, to all Floridians.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

STATEWIDE UNIFORM GUIDELINES FOR TAXATION OF COSTS IN CIVIL ACTIONS
Purpose and Application. These guidelines are advisory only. The taxation of costs in any particular proceeding is within the broad discretion of the trial court. The trial court should exercise that discretion in a manner that is consistent with the policy of reducing the overall costs of litigation and of keeping such costs as low as justice will permit. With this goal in mind, the trial court should consider and reward utilization of innovative technologies by a party which subsequently minimizes costs and reduce the award when use of innovative technologies that were not used would have resulted in lowering costs. In addition, these guidelines are not intended to (1) limit the amount of costs recoverable under a contract or statute, or (2) prejudice the rights of any litigant objecting to an assessment of costs on the basis that the assessment is contrary to applicable substantive law.
Burden of Proof. Under these guidelines, it is the burden of the moving party to show that all requested costs were reasonably necessary either to defend or prosecute the case at the time the action precipitating the cost was taken.

I. Litigation Costs That Should Be Taxed.
A. Depositions
1. The original and one copy of the deposition and court reporter's per diem for all depositions.
2. The original and/or one copy of the electronic deposition and the cost of the services of a technician for electronic depositions used at trial.
3. Telephone toll and electronic conferencing charges for the conduct of telephone and electronic depositions.
B. Documents and Exhibits
1. The costs of copies of documents filed (in lieu of "actually cited") with the court, which are reasonably necessary to assist the court in reaching a conclusion.
2. The costs of copies obtained in discovery, even if the copies were not used at trial.
C. Expert Witnesses
1. A reasonable fee for deposition and/or trial testimony, and the costs of preparation of any court ordered report.
D. Witnesses

*617 1. Costs of subpoena, witness fee, and service of witnesses for deposition and/or trial.
E. Court Reporting Costs Other than for Depositions
1. Reasonable court reporter's per diem for the reporting of evidentiary hearings, trial and post-trial hearings.
F. Reasonable Charges Incurred for Requiring Special Magistrates, Guardians Ad Litem, and Attorneys Ad Litem

II. Litigation Costs That May Be Taxed as Costs.
A. Mediation Fees and Expenses
1. Costs and fees of mediator.
B. Reasonable Travel Expenses
1. Reasonable travel expenses of expert when traveling in excess of 100 miles from the expert's principal place of business (not to include the expert's time).
2. Reasonable travel expenses of witnesses.

III. Litigation Costs That Should Not Be Taxed as Costs.
A. The Cost of Long Distance Telephone Calls with Witnesses, both Expert and Non-Expert (including conferences concerning scheduling of depositions or requesting witnesses to attend trial)
B. Any Expenses Relating to Consulting But Non-Testifying Experts
C. Cost Incurred in Connection with Any Matter Which Was Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence
D. Travel Time
1. Travel time of attorney(s).
2. Travel time of expert(s).
E. Travel Expenses of Attorney(s)
NOTES
[1] For example, the availability of technology that allows documents to be scanned and saved to a disk, thereby decreasing copying costs, should be considered by the trial court when awarding costs for copies of documents filed with the court or obtained in discovery.
[2] We also have changed the references in proposed guideline I(A) to "video depositions" and "video conferencing" to "electronic depositions" and "electronic conferencing" to account for changes in technology.